UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

*20 cv 2378 DWF/TNL*

Court File No. 0:15-cv-04365-ADM-JSM

Gene For Congress,

Plaintiff,

v.                              **COMPLAINT**

Office of Minnesota Secretary of State, Steve Simon,
Office of Minnesota Secretary of State, Stella Mary Hegg, MPA, Senior State
Program Administrator,
Office of Minnesota Secretary of State, David Maeda,

Defendants,

v.

Minnesota State Canvassing Board, (Secretary of State is responsible for
requesting the participation of two state Supreme Court justices, and two
district court judges)

Defendants,

v.

Ramsey County Election Office,
Ramsey County Canvassing Board,
Ramsey County Attorney,

Defendants,

RECEIVED

NOV 24 2020

CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

---

Plaintiff, Gene For Congress, brings this action for all damages and other

legal and equitable relief, stating the following claims against Steve Simon,

Stella Mary Hegg, David Maeda "Defendants" of Minnesota Secretary of State

Office;  David Tripett  "Defendants" of  Ramsey County Election Office and

Ramsey County Canvassing Board; and John Choi "Defendants" of Ramsey

County Attorney's Office.

SCANNED

NOV 24 2020

U.S. DISTRICT COURT ST. PAUL

This complaint should be granted, as it is evident through personal testimonies, public reports, court hearings, and pleadings that the violations, as shown below, have harmed the Plaintiff numerously. The most efficient manner to resolve this dispute is by permitting the complaint in this instant case to be granted.

## JURISDICTION AND VENUE

1. This action arises under 42 U.S.C. § 1983; 42 U.S.C. § 1985; 42 U.S.C. § 1988, and constitutional questions.  As such, jurisdiction is proper under 28 U.S.C. § 1331, and 28 U.S.C. § 1344, 28 U.S.C. § 1343; 28 U.S.C. § 1367; and for a Statewide Body of Electors (Electoral College) 28 U.S.C. § 2284.

## PARTIES

2. Plaintiffs address is 1806 Hastings Avenue, Newport, Minnesota 55055.
3. Defendants Steve Simon, Stella Mary Hegg, David Maeda "Defendants" of Minnesota Secretary of State Office conduct business in the state of Minnesota from an office claimed by them to be located at 180 State Office

Building, 100 Rev. Dr. Martin Luther King Jr. Blvd., Saint Paul, Minnesota 55155 (Phone 651-556-0646)

4. Defendants David Tripett "Defendants" of Ramsey County Election Office and Ramsey County Canvassing Board (David.Triplett@CO.RAMSEY.MN.US); and John Choi "Defendants" of Ramsey County Attorney's Office (Ramsey County Attorney Phone 651-266-3222).

5. The individual person listed is being sued here in his individual and official capacity.

## FACTUAL ALLEGATIONS

6. In this instant case Defendants Steve Simon, Stella Mary Hegg, David Maeda, David Tripett, and John Choi all jointly participated to violate the U.S. Court of Appeals Eighth Circuit's opinion issued on Thursday, October 29, 2020 stating, "*Minnesota Secretary of State Steve Simon and his respective agents and all persons acting in concert with each or any of them are ordered to identify, segregate, and otherwise maintain and preserve all absentee ballots received after the deadlines set forth in Minn. Stat. @ 203B.08, subd. 3, in a manner that would allow for their respective votes for presidential electors pursuant to Minn. Stat. @ 208.04, sub. 1 (in effect for the President and Vice President of the United States) to be removed from vote totals in the event a final order is entered by a court of competent jurisdiction determining such*

*votes to be invalid or unlawfully counted. The Secretary shall issue guidance to*

*relevant local election officials to comply with the above instruction..."*

COUNT ONE - 42 U.S.C. § 1983 – CIVIL ACTION FOR DEPRIVATION OF
RIGHTS: AS APPLIED TO ALL THE PEOPLE UNDER THE 5TH AND 14TH
AMENDMENTS OF THE UNITED STATES CONSTITITION
(Violation of Fifth Amendment Rights and of Fourteenth Amendment Rights)

7.  The foregoing facts are repeated and incorporated as if fully set forth herein.

8.  The United States Code 1983 states in part: "Every person who, under color of any
    statute, ordinance, regulation, custom, or usage, of any State or Territory or the
    District of Columbia, subjects, or causes to be subjected, any citizen of the United
    States or other person within the jurisdiction thereof to the deprivation of any rights,
    privileges, or immunities secured by the Constitution and laws, shall be liable to the
    party injured in an action at law, suit in equity, or other proper proceeding for
    redress . . ."

9.  **Fraudulent Participation**:  In ***Dennis v. Sparks, 499 U.S. 24 (1980)*** it
    states, *"To act under color of state law" for purposes of civil rights statute does
    not require that the defendant be an officer of the state; <u>it is enough that he is a
    willful participant</u> in joint action with the state or its agents; private, persons,
    jointly engaged with state officials in the challenged action, are acting under
    color of law for purposes of the civil rights statute.* 42 U.S.C.A. § 1983

10. *"Minnesota Secretary of State Steve Simon and his respective agents and all
    persons acting in concert with each or any of them are ordered to <u>identify,
    segregate, and otherwise maintain and preserve</u> all absentee ballots received*

4

*after the deadlines set forth in Minn. Stat. @ 203B.08, subd. 3,...* Identify and segregate does NOT say to count the votes; as well as maintain and preserve does NOT say to count the ballots. The last command by the Court was to preserve, which does not reach the question of counting the ballots.

11. The United States Constitutional Rights under the 1st, 4th, 5th, 14th Amendments to rights, liberty rights, Due Process Rights, and Equal Protection Rights provide Constitution guidance that must be followed by governmental officials.

12. **Fraudulent Participation:** *Jordan v. Fox, Rothschild, O'Brien & Frankel,* **787 F. Supp. 471 (1992) states.** *"Lugar does not require a § 1983 plaintiff to show that private individuals conspired or agreed with state officials to deprive him of a constitutional right. To the contrary, the Supreme Court in Lugar explicitly states: [The Court of Appeals erred in holding that in this context "joint participation" required something more than invoking the aid of state officials to take advantage of state created attachment procedures. That holding is contrary to the conclusions that we have reached as to the applicability of due process standards to such procedures]."*

13. **The Defendants in this instant case** deprives Plaintiffs their United States Constitutional Rights to observe the votes by each precinct being reported in real time The Defendants of the Secretary of States Office (Steve Simon) should not have obstructed the real time reporting of the precincts votes by keeping the votes private, secretly holding back the real time results of the precincts that were indeed being reported as the votes as were coming in to the Secretary of State's Office.

## COUNT 2

**42 U.S.C. § 1983 – CIVIL ACTION FOR DEPRIVATION OF RIGHTS –**

**FIFTH AND FOURTEENTH AMENDMENT**

**FIRST, FOURTH, SEVENTH, AND EIGHTH AMENDMENTS**

**CREATING A 28 U.S. CODE § 1331 – FEDERAL QUESTION**

- On November 3, 2020, Defendant(s) betrayed Plaintiff(s) trust by, maliciously on the face, holding back the flow of precincts being reported by Ramsey and Washington County in CD 4 until 10:37pm.

- Tuesday, November 3rd was Election day, polls closed at 8pm. I observed every other Congressional District except CD4 having results updated with regular intervals.

- CD4 had absolutely no results until 10:37pm. At 10:37, the Secretary of State website finally updated stating 24 percent of the vote was totaled, Gene Rechtzigel had 40.05 percent, Betty Mccollum 52.82 percent, Susan Sindt had 5.91.

- There would not be another update until 11:26pm, which stated suddenly 93.3 percent of the vote was in, Rechtzigel 29.08 percent, Mccollum 63.16, Sindt 7.49.

- NO other Congressional District was updated in the same fashion as CD4, which is highly irregular as every election cycle I watch multiple news sites and the Secretary of State's website, and have never witnessed anything like it.

- Monday, November 16th Zack Stadem and another employee of mine went to both Washington and Ramsey County Elections and observed the post election review in both counties.
- At Ramsey, they observed a stack of approximately 500 blank ballots sitting on a table next to the marked ballots being counted by election judges. When they inquired with the Elections Manager for Ramsey County "Dave", he explained (in the presence of another observer named Merle), that "someone screwed up and sealed them inside a box containing marked ballots" only after Zack asked him about it did he move the ballots to another area and he took them and a green box into the back.
- At both Ramsey and Washington County Zack observed the managers telling election judges on many occasions "the number you need" for each candidate, instead of waiting to see what number they came up with and then comparing it. How can the counts be accurate if you are telling people the number they need to come up with? Nothing will stop them from lying and telling the manager the correct number regardless of the actual count being correct. The correct procedure is outlined in Minnesota State Statutes, the count is to be made and if off by more than 1 half of 1 percent it needs to be rechecked with 3 more precincts, and if still off the entire district must be rechecked.
- Zack and Matt observed at Ramsey County, the staff could not find 14 ballots and was short in their count. They looked all over the building. They also drove out to the County Drop off area trying to find them. They mysteriously turned up a few hours later, supposedly they were in a back office in a manila envelope and no one knew why they were there.

- November 18th at 2:01pm Zack received the following from Ramsey County Elections in an email: "Please see the attached letter regarding an emergency meeting of the Ramsey County Canvassing Board held today at 12:30pm. Please respond with any questions you may have." The letter details a number of problems "discovered" concerning 318 uncounted ballots that are allegedly legitimate but uncounted. None of this was told to Zack and Matt over the 2 day period where they were at Ramsey County Elections and was not told to the judges there.

- November 18th at 2:25pm Zack received an email from Jamie Becker-Finn, State Representative District 42B stating she had also received the letter from Ramsey County, she stated "Like the rest of you, I received a memo today from the Ramsey County Elections Canvassing Board regarding 318 ballots that were discovered during part of the County's normal internal audit process. I am currently in contact with both the Minnesota Secretary of State and the Ramsey County Attorney's office to make sure all ballots are counted. **Although the County has indicated no individual race outcome would be impacted based on the impacted precincts, I believe it is important that every ballot be properly counted** and included before the final election certification next week. If necessary, I will be filing a petition in Ramsey County District Court to ensure this happens as soon as possible. I expect this can be resolved quickly given that the Ramsey County Elections Canvassing board agrees that the ballots should be counted."

- At 3:56pm I got a reply from Ms. Becker-Finn stating she already filed an entire petition in the district court, merely a little over an hour after stating she would "if she had to"

- At approximately 10am the following morning on November 19th, Ms. Becker-Finn emailed me her petition among other documents.
- At approximately 2pm the same day, Ms. Becker-Finn emailed again and stated "there was a court hearing today and the judge will be issuing an order to have the ballots processed in time for all legal votes to be included in the November 24[th] State Canvassing Board Certification. For reference, the Court file is 62-
  - Cv-20-5458". All of this happened inside a 24 hour period with absolutely no due process and no court notification to ANY candidate, and no time to file an opposing motion which is against Court procedure and State Law.

The following day of November 20th, at 2:50pm I was emailed notice that the Ramsey County Canvassing Board is now meeting on November 23rd, 2020 at 12:00 noon to count these 318 ballots.

**14.** The foregoing facts are repeated and incorporated as if fully set forth herein.

**15.** The Fourteenth Amendment of the U.S. Constitution states in part:

No State shall make or enforce any law, which shall abridge the privileges or immunities of citizens or the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

**16.** Defendants violated 42 U.S.C. @ 1983 and the Due Process of the 5th and 14th Amendments of the U.S. Constitution

## COUNT THREE

### 42 U.S.C. § 1985 – CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS UNDER 42 U.S.C. § 1983

17. The foregoing facts are repeated and incorporated as if fully set forth herein.

18. 42 U.S.C. § 1985 – Conspiracy to interfere with civic rights piggybacks on top of all 42 U.S.C. § 1983, claims, facts and issues.

## CREATING A 28 U.S. CODE § 1343 – CIVIL RIGHTS AND ELECTIVE FRANCHISE

**19.** The foregoing facts are repeated and incorporated as if fully set forth herein.

20. The Affidavit of Gene Rechtzigel with this Complaint is incorporated fully into each and every point stated and fact expressed in this complaint and incorporation as attachments as further claims, issues and facts of Complaint.

### PRAYER FOR RELIEF

WHEREFORE, for the reasons above, and in the Affidavits of Plaintiff, Plaintiff Gene Rechtzigel prays for judgment against Defendants:

1. For relief pertaining to certifying the results of the election in the State of Minnesota, that the court grants an order preventing the State of Minnesota Canvassing Board from certifying the results of the election

2. For relief available to grant an order to preventing the counting of 318 ballots that are now outside the allowable time limit to be counted.

3. For relief granting an order to prevent the Ramsey County Canvassing Board from having a meeting to count the 318 ballots, and to keep them separate and sealed until investigated fully.

4. For relief granting an order to have the U.S. Attorney investigate all software used by the State to conduct the election in all districts across Minnesota.

5. For all relief available under 42 U.S.C. @ 1983

6. For all relief available under 42 U.S.C. @ 1985

7. For relief to count only lawful votes of American Citizens

8. For such other and further relief available by statute; and

9. For such other and further relief as the court deems just and equitable.


I certify under penalty of perjury that everything I have stated in this document is true and correct.

Date: November 23, 2020


s/ _Gene Rechtzigel_

Gene Rechtzigel