UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Gene Rechtzigel,<br>*Gene for Congress*,<br><br>       Plaintiff,<br><br>v.<br><br>Steve Simon, *Office of Minnesota Secretary of State*; Stella Mary Hegg, *Office of Minnesota Secretary of State, MPA, Senior State Program Administrator*; David Maeda, *Office of Minnesota Secretary State*; Minnesota State Canvassing Board, *Secretary of State is responsible for requesting the participation of two state Supreme Court justices, and two district court judges*; Ramsey County Election Office; Ramsey County Canvassing Board; and Ramsey County Attorney,<br><br>       Defendants. | Criminal No. 20-2378 (DWF/TNL)<br><br><br><br><br>**ORDER** |

On November 24, 2020, *pro se* Plaintiff Gene Rechtzigel filed a Complaint (Doc. No. 1) and Motion for Temporary Restraining Oder (Doc. No. 2).  In his motion for a temporary restraining order, Plaintiff seeks an order preventing the State of Minnesota Canvassing Board from certifying the results of the recent general election.  Plaintiff, however, has failed to comply with several procedural rules.  First, under Federal Rule of Civil Procedure 65, a court may issue a temporary restraining order "only on notice to the adverse party."  If Plaintiff asks the Court to issue a temporary restraining order without notice, Plaintiff must lay out specific facts in an affidavit or verified complaint showing

clearly that irreparable harm will occur before the adverse party can be heard *and* Plaintiff (representing himself) must certify in writing his efforts to give notice and the reasons why it should not be required.  *See* Fed. R. Civ. P. 65(b)(1).  Here, there is no evidence that Plaintiff gave notice to Defendants of his motion or of any reasonable efforts to give Defendants an opportunity to be heard.  In cases involving an application for a temporary restraining order, the parties sometimes give informal notice, such as a phone call to the opposing party or that party's counsel.  There is no evidence that even informal notice was given here.  Second, Local Rule 7.1(d)(2) requires the moving party to contact the judge's courtroom deputy to obtain a hearing date and briefing schedule before filing a motion for emergency injunctive relief.  Plaintiff has not done so.  The Court has not received a phone call, email, or other communication of any kind.

Based upon the record before the Court, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order (Doc. No. [2]) is **DENIED**.

Dated: November 25, 2020        s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge