**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Gene Rechtzigel,
*Gene for Congress*,

Plaintiff,

v.

Steve Simon, *Office of Minnesota Secretary of State*; Stella Mary Hegg, *Office of Minnesota Secretary of State, MPA, Senior State Program Administrator*; David Maeda, *Office of Minnesota Secretary State*; Minnesota State Canvassing Board; Ramsey County Election Office; Ramsey County Canvassing Board; and Ramsey County Attorney,

Defendants.

Civil No. 20-2378 (DWF/TNL)

**ORDER**

On November 24, 2020, *pro se* Plaintiff Gene Rechtzigel filed a Complaint (Doc. No. 1). The Complaint identifies the Gene for Congress campaign as the Plaintiff and is signed by Gene Rechtzigel. (*Id.*) In the Complaint, Plaintiff alleges various irregularities with the 2020 general election and seeks a court order requiring the U.S. Attorney to investigate all election software used in Minnesota and to prohibit election officials from counting certain votes and certifying the election results. (*See generally* Doc. No. 1.) More specifically, in Count One, Plaintiff appears to allege that some absentee ballots were improperly counted and objects to the timing of the release of election results; in Count Two, Plaintiff raises concerns about the counting of ballots in Ramsey County and

objects to the fact that the Ramsey County Canvassing Board reconvened pursuant to a court order to count approximately 318 absentee ballots that were timely submitted but not counted due to a clerical error; and in Counts Three and Four, Plaintiff alleges a conspiracy to violate civil rights and the election franchise. In his Prayer for Relief, Plaintiff seeks to prevent the State of Minnesota from certifying the election results, to prevent the counting of the above-mentioned 318 absentee ballots, and an order requiring the U.S. Attorney to investigate the software used to conduct the election in Minnesota. Plaintiff also filed a Motion for Temporary Restraining Oder (Doc. No. 2), wherein he sought an order preventing the State of Minnesota Canvassing Board from certifying the results of the recent general election. The Court denied that motion. (Doc. No. 6.)

Presently before the Court is a motion to dismiss filed by Ramsey County Defendants. (Doc. No. 9.) Ramsey County Defendants argue that Plaintiff's Complaint must be dismissed on the following grounds: (1) Plaintiff is not an attorney and cannot represent his campaign organization *pro se* in federal court; (2) the Court lacks personal jurisdiction over Ramsey County Defendants because they have not been properly served; (3) Plaintiff's claims are moot; (4) Plaintiff lacks standing to bring his claims; (5) the individually-named Defendants have qualified immunity; and (6) Plaintiff has not alleged facts to establish *Monell* liability. (Doc. No. 11.) Plaintiff has not filed an opposition to the pending motion to dismiss.

The Court has considered Ramsey County Defendants' motion to dismiss and concludes that this action is properly dismissed in its entirety for the following reasons.

First, Gene Rechtzigel, who signed the Complaint and has not claimed or otherwise demonstrated that he is an attorney, cannot represent his campaign *pro se*. A non-attorney cannot represent a separate legal entity *pro se* in federal court, even if the non-attorney is authorized to conduct business on behalf of the entity. *See Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 347-48 (8th Cir. 1994). Here, Gene Rechtzigel is not an attorney. Thus, he cannot represent his campaign in federal court. For this reason alone, the Complaint is properly dismissed in its entirety.

Second, Ramsey County Defendants point out that none of the following named defendants – Ramsey County Elections Office, Ramsey County Canvassing Board, and two officials sued in their official and individual capacities – have been properly served in any manner authorized by the Federal Rules of Civil Procedure. In response to this motion, Plaintiff bore the burden of establishing a prima facie case of jurisdiction and, therefore, validity of the service of process. *See, e.g.*, *Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A.*, 51 F.3d 1383, 1387 (8th Cir. 1995). Plaintiff has not done so. Thus, claims against these Defendants are properly dismissed for lack of personal jurisdiction. *See Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) ("If a defendant is improperly served, a federal court lacks jurisdiction over the defendant.").

Third, Plaintiff's claims related to the Ramsey County Canvassing Board seeking an order preventing the 318 absentee ballots discussed above from being included in the vote totals are moot. The Minnesota State Canvassing Board met and certified Minnesota's election results on November 24, 2010. (Doc. No. 14 ("Roche Aff.") ¶ 4,

Ex. C.) Those results included Ramsey County Canvassing Board's updated totals which included the 318 ballots. (*Id.* ¶ 3, Ex. B.) Any claim relating to the election results is, therefore moot and the Court lacks jurisdiction. *See Powell v. McCormack*, 395 U.S. 486, 496 (1969) ("[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."). The Court also notes that while Ramsey County Defendants have moved to dismiss, the Court also lacks jurisdiction over moot election claims asserted against the remaining defendants.

Finally, the Court finds that Plaintiff lacks standing to bring the present claims because he has not alleged an injury-in-fact—or an "invasion of a legally protected interest" that is concrete and particularized. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Plaintiff has failed to articulate any injury in fact that he experienced as a result of the alleged irregularities in the conduct of the 2020 election. Instead, Plaintiff asserts various generalized and vague grievances about the election, which is insufficient to confer standing. *See, e.g.*, *Donald J. Trump for President, Inc. v. Boockvar*, —F. Supp. 3d —, 2020 WL 6821992, at *9 (M.D. Pa. 2020) (dismissing campaign's complaint regarding alleged election irregularities for lack of standing), *aff'd* 830 Fed. App'x 377 (3d Cir. 2020). For this additional reason, Plaintiff's Complaint is properly dismissed.[1]

[1] Because the Court finds that it lacks both subject matter and personal jurisdiction over Plaintiffs' claims, the Court need not, and declines to, reach Ramsey County Defendants' alternative grounds for dismissal.

Based upon the record before the Court, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1 Ramsey County Defendants' Motion to Dismiss (Doc. No. [9]) is **GRANTED**.

2. Plaintiff's Complaint (Doc. No. [1] is **DISMISSED WITHOUT PREJUDICE**.

Dated: May 21, 2021

s/Donovan W. Frank
DONOVAN W. FRANK
United States District Judge